# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| FRUCTUOSO TORRES,<br> *Plaintiff,* | §<br>§<br>§ | |
| V. | §<br>§ | NO: 5:21-cv-00113<br>JURY |
| JASON THOMAS OLIVER, AND<br>PROGRESSIVE TRANSPORTATION,<br>LLC,<br> *Defendants.* | §<br>§<br>§<br>§ | |

**DEFENDANTS JASON THOMAS OLIVER AND
PROGRESSIVE TRANSPORTATION, LLC'S
<u>INDEX OF MATTERS BEING FILED</u>**

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT. EASTERN DISTRICT
COURT OF TEXAS, TEXARKANA DIVISION

 Defendants Jason Thomas Oliver and Progressive Transportation, LLC, attach this Index

of Matters Being Filed to their Notice of Removal.

 1. Docket Report/Registry of Actions for Cause No. 21C1089-005;

 2. Plaintiff's Original Petition;

 3. Affidavit of Service and Citation for James Thomas Oliver;

 4. Affidavit of Service and Citation for Progressive Transportation, LLC; and

 5. Defendants' Original Answer.

DATED this 30th day of September, 2021.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By:   _/s/ Lynn S. Castagna_
    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@TexasDefense.com
    Gerry Lowry
    State Bar No. 12641350
    Gerry@TexasDefense.com

**ATTORNEYS FOR DEFENDANTS JASON THOMAS OLIVER AND PROGRESSIVE TRANSPORTATION, LLC**

# REGISTER OF ACTIONS
## CASE NO. 21C1089-005

| FRUCTUOSO TORRES vs. JASON THOMAS OLIVER ET AL | § § § § § | Case Type: | Injury or Damage - Motor Vehicle |
|---|---|---|---|
| | | Date Filed: | 09/01/2021 |
| | | Location: | 5th District Court |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | OLIVER, JASON THOMAS | LYNN S CASTAGNA<br>*Retained*<br>512-329-3290(W) |
| Defendant | PROGRESSIVE TRANSPORTATION, LLC | LYNN S CASTAGNA<br>*Retained*<br>512-329-3290(W) |
| Plaintiff | TORRES, FRUCTUOSO | JOHN D SHEPPARD<br>*Retained*<br>713-489-1206(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 09/01/2021 | Original Petition w/Discovery & Jury Demand (OCA) | | |
| 09/01/2021 | Issue | | |
| | *EFILED TO MICHELE HARDY ENV 56863126* | | |
| 09/01/2021 | Citation | | |
| | *JASON OLIVER* | | |
| | OLIVER, JASON THOMAS | Served | 09/02/2021 |
| | | Response Received | 09/27/2021 |
| 09/01/2021 | Issue | | |
| | *EFILED TO MICHELE HARDY ENV 56863126* | | |
| 09/01/2021 | Citation | | |
| | *PROGRESSIVE TRANSPORTATION* | | |
| | PROGRESSIVE TRANSPORTATION, LLC | Served | 09/02/2021 |
| | | Response Received | 09/27/2021 |
| 09/01/2021 | C/Mail Coordinator | | |
| | *EMAILED HEATHER THOMAS* | | |
| 09/09/2021 | Affidavit of Private Process Server | | |
| | *PROGORESIVE TRANSPORTATION (SERVED)* | | |
| 09/09/2021 | Service Papers Returned | | |
| | *JASON OLIVER (SERVED)* | | |
| 09/27/2021 | Original Answer | | |
| | *& JURY DEMAND* | | |
| 09/27/2021 | Original Answer | | |
| | *& JURY DEMAND* | | |

Filed 9/1/2021 10:27 AM
Jill Harrington
District Clerk
Bowie County, Texas
Paige Foster, Deputy

CAUSE NO. <u>21C1089-005</u>

| | | |
|---|---|---|
| FRUCTUOSO TORRES, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | BOWIE COUNTY, TEXAS |
| JASON THOMAS OLIVER, AND | § | |
| PROGRESSIVE TRANSPORTATION, | § | |
| LLC | § | |
| | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff Fructuoso Torres, files this Original Petition and Jury Demand against Defendants Jason Thomas Oliver and Progressive Transportation, LLC.

### I.   DISCOVERY LEVEL

1.     Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.   NATURE OF CASE

2.     This is a personal injury commercial vehicle collision case.

### III.   JURISDICTION & VENUE

3.     Venue and jurisdiction are proper in Bowie County because all or a substantial part of the events giving rise to the claim occurred here.

4.     Plaintiff seeks damages within the jurisdictional limits of this Court.

5.     Plaintiff seeks monetary relief of over $1,000,000 but not more than $10,000,000.

### IV.   PARTIES

6.     Plaintiff Fructuoso Torres is a resident of Texas.

7.     Defendant Jason Thomas Oliver ("Defendant Oliver") is an individual who resides

in Johnston County, North Carolina.  He may be served by and through J. Bruce Bugg, Jr., Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701 by forwarding to Jason Thomas Oliver at 966 Braswell Road, Smithfield, North Carolina 27577, or wherever else he may be found.

8.       Defendant Progressive Transportation, LLC ("Defendant Progressive") is a Limited Liability Company doing business in the State of Texas and may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## V.    FACTS

9.       On or about September 19, 2019, Plaintiff was traveling westbound on IH-30 in Bowie County, Texas, when Defendant Oliver failed to control his speed while operating a vehicle in the course and scope of his employment for Defendant Progressive and violently struck Plaintiff's vehicle. As a result, Plaintiff suffered severe and debilitating injuries.

## VI.    CAUSES OF ACTION

**A.**    **Negligence, Gross Negligence, and Negligence Per Se of Defendants**

10.      The negligence, gross negligence, and/or negligence *per se* of Defendant OLIVER includes but is not limited to the following acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries to Plaintiff:

- failure to reasonably operate the motor vehicle;
- failure to keep the vehicle in a safe and operable condition;
- failure to brake to avoid the collision;
- failure to apply brakes in a timely manner;
- failure to keep a proper lookout;
- driving at speed that exceeded that which a reasonably prudent person in the same or similar circumstances would have driven;
- failure to control speed;
- failure to steer or otherwise maneuver to avoid the collision;
- failure to understand and/or utilize proper space management;

2

- failure to yield right of way;
- failure to sound horn to warn of the collision;
- failure to keep a safe closing distance;
- failure to press the brake pedal appropriately, and instead pressing the gas pedal;
- colliding with Plaintiff's vehicle;
- willfully and wantonly operating a motor vehicle at an excessive rate of speed or, in the alternative, traveling at a greater rate of speed than would a person of ordinary prudence under the same or similar circumstances, without regard for the rights, safety, or welfare of others;
- willfully and wantonly failing to maintain proper control of the motor vehicle, without regard for the rights, safety, or welfare of others; or
- recklessly driving a vehicle in willful or wanton disregard for the rights, safety, or welfare of persons or property.

11.     Defendant OLIVER'S acts constitute negligence and gross negligence that caused or contributed to Plaintiff's injuries.  Defendant OLIVER'S negligence is an unexcused breach of Chapter 545 of the Texas Transportation Code.  Chapter 545 was intended to protect Plaintiff, and Plaintiff's injuries are the kind the law was designed to protect against. Defendant OLIVER'S acts or omissions proximately caused Plaintiff's injuries. Defendant OLIVER'S conduct when viewed objectively involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and Defendant OLIVER had actual subjective awareness of the risk involved but proceeded anyway with conscious indifference to the rights, safety, and welfare of others.

12.     At the time of the incident in question, Defendant OLIVER was an employee of Defendant PROGRESSIVE and was acting within the course and scope of his employment for Defendant PROGRESSIVE. Defendant PROGRESSIVE is liable for the torts committed by its employees.  Defendant PROGRESSIVE employee, while acting within the course and scope of his employment (and in furtherance of Defendant PROGRESSIVE'S business), had a general duty to exercise reasonable care in performing his work.  Defendant PROGRESSIVE'S employee, however, failed to exercise the requisite standard of care under the circumstances.  Therefore,

3

pursuant to the doctrine of *respondeat superior*, Defendant PROGRESSIVE is liable for Defendant OLIVER'S negligence, and for any resulting injuries sustained by Plaintiff.

13.     In the alternative, upon information and belief, Plaintiff specifically alleges that at all relevant times, Defendants were acting in the capacities of principal-agent or master-servant for one another, were acting within the course and scope of said agency or servitude, and ratified the conduct of each other Defendant.

14.     In the alternative, if Defendant PROGRESSIVE contends that Defendant OLIVER was not an employee, then Defendant OLIVER was a statutory employee of Defendant PROGRESSIVE pursuant to 49 C.F.R. § 376.12.

**B.     Negligence and/or Gross Negligence of Defendant PROGRESSIVE for Negligent Hiring, Entrustment, Supervision, and/or Retention of Defendant OLIVER**

15.     The preceding paragraphs are incorporated herein.

16.     Defendant PROGRESSIVE exercised control over the vehicle driven by Defendant OLIVER.

17.     As a motor carrier, Defendant PROGRESSIVE has duties under the Federal Motor Carrier Safety Regulations and common law to properly qualify, hire, train, retain, and supervise its employees and statutory employees, including Defendant OLIVER.

18.     Defendant PROGRESSIVE entrusted the vehicle to Defendant OLIVER, a reckless and incompetent driver.

19.     Defendant PROGRESSIVE knew or through the exercise of reasonable care should have known that Defendant OLIVER was a reckless and incompetent driver.

20.     Defendant PROGRESSIVE was negligent and breached its duty in hiring Defendant OLIVER, failing to properly inquire into his competence and qualifications, failing to

adequately supervise Defendant OLIVER, failing to adequately train Defendant OLIVER, and in failing to exercise reasonable care in retaining Defendant OLIVER.

21.     The foregoing negligence and/or gross negligence by Defendant PROGRESSIVE was a proximate cause of damages to Plaintiff.

## VII.     JOINT LIABILITY

22.     Pleading in the alternative, Defendants are jointly liable for Plaintiff's harm under the theories of joint and several liability; acting in concert; respondeat superior; agency; non-delegable duty; alter ego; actual and apparent authority; participatory liability; aiding and abetting; joint enterprise; and/or ratification.

## VIII.     MISNOMER AND ASSUMED NAME

23.     In the event any parties are misnamed and/or not included herein, such entities are/were "alter egos."  Plaintiff relies on Texas Civil Statutes Article 6133 and/or Texas Rule of Civil Procedure 28 to properly identify the corporate Defendants herein.

## IX.     DEFENDANT'S CLAIMED AFFIRMATIVE DEFENSES

24.     Any affirmative defenses asserted by Defendants are factually and legally inapplicable and incorrect.

## X.     RES IPSA LOQUITOR

25.     The doctrine of res ipsa loquitur applies in this case because the event is of a kind which does not ordinarily occur in the absence of negligence; other responsible causes are sufficiently eliminated by the evidence; and the negligence is with the scope of Defendants' duties.

## XI.     DAMAGES

26.     Plaintiff seeks damages within the jurisdictional limits of this Court in excess of $1,000,000 excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

27.     The damages Plaintiff seeks include, but are not limited to:

- Compensatory damages
- Actual damages
- Consequential damages
- Lost future income
- Lost past income
- Past medical care
- Future medical care
- Past pain and suffering
- Future pain and suffering
- Past mental anguish
- Future mental anguish
- Past impairment
- Future impairment
- Past disfigurement
- Future disfigurement
- Past loss of household services
- Future loss of household services
- Past loss of consortium
- Future loss of consortium
- Interest on damages (pre- and post-judgment)
- Court costs
- Expert witness fees
- Deposition costs
- Attorney's fees
- Exemplary damages
- Other relief as the Court may deem just and proper.

## XII.   CONDITIONS PRECEDENT

28.     All conditions precedent has been performed or have occurred.

## XIII.   NOTICE OF INTENT TO USE DOCUMENTS

29.     Plaintiff gives notice under Rule 193.7 that he intends to use materials produced in this case against the producing party.

## XIV.   NOTICE OF MANDATORY INITIAL DISCLOSURES

30.     Plaintiff requests that Defendants timely disclose the information and materials required by Texas Rule of Civil Procedure 194.2(b)(1)–(12).

## XV.   JURY DEMAND

31.     Plaintiff requests a jury trial.  TEX. R. CIV. P. 216(a).

## XVI.  PRAYER

Plaintiff requests that Defendants be cited to appear and answer, and that on final trial the

Court will award Plaintiff the relief requested above and all other just relief.


Respectfully Submitted,

MORROW & SHEPPARD LLP


*/s/ John D. Sheppard*
John D. Sheppard
State Bar No.  24051331
Attorney-In-Charge
Nicholas A. Morrow
State Bar No.  24051088
Patrick W. McGinnis
State Bar No. 24102179
5151 San Felipe, Suite 100
Houston, Texas  77056
713.489.1206 tel.
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
jsheppard@morrowsheppard.com
nmorrow@morrowsheppard.com
pmcginnis@morrowsheppard.com
mhardy@morrowsheppard.com


**COUNSEL FOR PLAINTIFF**

7

Filed 9/24/2021 9:15 AM
Jill Harrington
District Clerk
Bowie County, Texas
Christy Wright, Deputy

## CAUSE NO. 21C1089-005

| | | |
|---|---|---|
| FRUCTUOSO TORRES | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | BOWIE COUNTY, TEXAS |
| | § | |
| JASON THOMAS OLIVER, AND PROGRESSIVE | § | |
| TRANSPORTATION, LLC | § | |
| Defendant. | § | 5TH JUDICIAL DISTRICT |

### AFFIDAVIT OF SERVICE

On this day personally appeared **DANE RAY CUPPETT** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 2, 2021, 10:54 am**,

**CITATION AND PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND,**

and was executed at **125 E. 11TH STREET, AUSTIN, TX 78701** within the county of **TRAVIS** at **03:44 PM** on **Thu, Sep 02 2021**, by delivering a true copy to the within named

**JASON THOMAS OLIVER, BY DELIVERING TO J. BRUCE BUGG JR. TEXAS TRANSPORTATION COMMISSION, WHERE THE DOCUMENT WAS ACCEPTED BY ALICIA RAMON-KANE, DESIGNATED AGENT**

in person, having first endorsed the date of delivery on same. A $25.00 service fee was tendered at the time of service.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**DANE RAY CUPPETT**
**Certification Number: PSC-7114**
**Certification Expiration: 10/31/2021**

BEFORE ME, a Notary Public, on this day personally appeared DANE RAY CUPPETT, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON 09/07/2021

Notary Public, State of Texas

> NICOLE M. WADE
> My Notary ID # 129086987
> Expires August 9, 2024

Filed 9/1/2021 8:15 AM
Jill Harrington
District Clerk
Bowie County, Texas
Christy Wright, Deputy

### CITATION-PERSONAL SERVICE
### THE STATE OF TEXAS
### 21C1089-005
### FRUCTUOSO TORRES  VS.  JASON THOMAS OLIVER  ET AL

TO    OLIVER, JASON THOMAS
      BY SERVING: J. BRUCE BUGG JR.
      TEXAS TRANSPORTATION COMMISSION
      125 E. 11TH STREET
      AUSTIN, TX 78701

**DEFENDANT in the above styled and numbered cause:**

YOU HAVE BEEN SUED. You may employ an attorney. If you do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Attached is a copy of the ORIGINAL PETITION W/DISCOVERY & JURY DEMAND in the above styled and numbered cause, which was filed on September 01, 2021 in the 5th District Court of Bowie County, New Boston, Texas. This instrument describes the claim against you.

**ISSUED  AND  GIVEN UNDER MY HAND AND SEAL of said Court at office,  ON THIS THE 1ST DAY OF SEPTEMBER, 2021.**

**ATTY FOR PETITIONER OR PETITIONER**

**JOHN D SHEPPARD**
5151 SAN FELIPE
SUITE 100
HOUSTON TX  77056



**JILL HARRINGTON**
**BOWIE COUNTY DISTRICT CLERK**
710 JAMES BOWIE DRIVE
NEW BOSTON, TX 75570


BY:  /s/ Paige Foster_____
             **DEPUTY**

### OFFICER'S RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock ____.M.
EXECUTED at _____, within the County of _____, at _____ o'clock ____.M. on
the _____ day of _____, _____, by delivering to the within named _____, in person a true copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

NOT EXECUTED, the diligence used to execute being _____; for the following reason_____, the defendant may be found _____.

FEE FOR SERVING CITATION: $_____          **TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.**

                                             _____**SHERIFF/CONSTABLE**
                                             _____**COUNTY, TEXAS**
                                             BY:_____**DEPUTY**

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address is
_____ (Street, City, State, Zip)
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

Executed in _____ County, State of _____, on the _____ day of _____, 20 ____.

_____                    _____
**Declarant/Authorized Process Server**                    **(ID # & Expiration of Certification)**

Copy from re:SearchTX

Filed 9/7/2021 9:20 AM
Jill Harrington
District Clerk
Bowie County, Texas
Stephanie Wetherington, Deputy

## CAUSE NO. 21C1089-005

| | | |
|---|---|---|
| FRUCTUOSO TORRES | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | BOWIE COUNTY, TEXAS |
| | § | |
| JASON THOMAS OLIVER, AND PROGRESSIVE | § | |
| TRANSPORTATION, LLC | § | |
| Defendant. | § | 5TH JUDICIAL DISTRICT |

### AFFIDAVIT OF SERVICE

On this day personally appeared **DANE RAY CUPPETT** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 2, 2021, 10:34 am,**

**CITATION AND PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND,**

and was executed at **211 E 7TH STREET SUITE 620, AUSTIN, TX 78701** within the county of **TRAVIS** at **03:25 PM** on **Thu, Sep 02 2021,** by delivering a true copy to the within named

**PROGRESSIVE TRANSPORTATION, LLC, BY DELIVERING TO ITS REGISTERED AGENT CORPORATION SERVICE COMPANY WHERE IT WAS RECEIVED BY EVIE LICHTENWALTER, DESIGNATED AGENT**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**DANE RAY CUPPETT**
**Certification Number: PSC-7114**
**Certification Expiration: 10/31/2021**

BEFORE ME, a Notary Public, on this day personally appeared **DANE RAY CUPPETT**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON 09/07/2021

Notary Public, State of Texas



NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

### CITATION-PERSONAL SERVICE
### THE STATE OF TEXAS
### 21C1089-005
### FRUCTUOSO TORRES  VS.  JASON THOMAS OLIVER  ET AL

===============================================================================

**TO**   **PROGRESSIVE TRANSPORTATION, LLC**
BY SERVING: CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, REGISTERED AGENT
211 E 7TH STREET SUITE 620
AUSTIN, TX 78701

**DEFENDANT in the above styled and numbered cause:**

**YOU HAVE BEEN SUED. You may employ an attorney. If you do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

Attached is a copy of the ORIGINAL PETITION W/DISCOVERY & JURY DEMAND in the above styled and numbered cause, which was filed on September 01, 2021 in the 5th District Court of Bowie County, New Boston, Texas. This instrument describes the claim against you.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, ON THIS THE 1ST DAY OF SEPTEMBER, 2021.**

**ATTY FOR PETITIONER OR PETITIONER**

**JOHN D SHEPPARD**
**5151 SAN FELIPE**
**SUITE 100**
**HOUSTON TX  77056**



**JILL HARRINGTON**
**BOWIE COUNTY DISTRICT CLERK**
**710 JAMES BOWIE DRIVE**
**NEW BOSTON, TX 75570**

BY:   /s/ Paige Foster
**DEPUTY**

===============================================================================

### OFFICER'S RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock ___.M.
EXECUTED at _____, within the County of _____, at _____ o'clock ____.M. on the _____ day of _____, _____, by delivering to the within named _____, in person a true copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

NOT EXECUTED, the diligence used to execute being _____; for the following reason_____, the defendant may be found _____.

FEE FOR SERVING CITATION: $_____          **TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.**

_____
_____ **SHERIFF/CONSTABLE**
_____ **COUNTY, TEXAS**
BY:_____ **DEPUTY**

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address is
_____ (First, Middle, Last) _____ (Street, City, State, Zip)
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

Executed in _____ County, State of _____, on the _____ day of _____, 20 ____.

_____          _____
**Declarant/Authorized Process Server**          **(ID # & Expiration of Certification)**

Copy from re:SearchTX

CAUSE NO. 21C1089-005

| | | |
|---|---|---|
| FRUCTUOSO TORRES, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | 5TH JUDICIAL DISTRICT |
| | § | |
| JASON THOMAS OLIVER, AND | § | |
| PROGRESSIVE TRANSPORTATION, | § | |
| LLC, | § | |
| *Defendants.* | § | BOWIE COUNTY, TEXAS |

**DEFENDANTS JASON THOMAS OLIVER AND PROGRESSIVE TRANSPORTATION, LLC.'S ORIGINAL ANSWER**

TO THE HONORABLE COURT:

COME NOW Defendants Jason Thomas Oliver and Progressive Transportation, LLC, and file their Original Answer, and as grounds for such would respectfully show unto the Court as follows:

**I.**
**GENERAL DENIAL**

1.      The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendants invoke the provisions of that rule and do generally deny the allegations now made against them by the Plaintiff and his attorney.

2.      At any trial of this cause, Defendants will exercise their legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

# II.
# DEFENSES

3.     Defendants would show that Jason Thomas Oliver was confronted by a "sudden emergency" or an "emergency" that arose suddenly and unexpectedly, which was not proximately caused by any negligence on the part of Jason Thomas Oliver and which to a reasonable person requires immediate action without time for deliberation.

4.     Plaintiff's damages, if any, were proximately caused by preexisting and/or subsequent physical conditions and medical conditions and/or accidents.

5.     As to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.  TEX. CIV. PRAC. & REM. CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

6.     Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

7.     Pleading further, Defendants Jason Thomas Oliver and Progressive Transportation, LLC state that Plaintiff is not entitled to recover punitive damages or exemplary damages in any form or fashion in that it would violate Defendants' rights under the Constitution of the United States and the Constitution of the State of Texas.

8.     In the alternative, and without waiving the foregoing, Defendants are entitled to the protections afforded to them under TEXAS PRACTICE & REMEDIES CODE ANN. §41.003 and §41.033 et. seq.

### III.
### JURY DEMAND

9.       Defendants Jason Thomas Oliver and Progressive Transportation, LLC demand a trial by jury and tender their jury fee.

### V.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Jason Thomas Oliver and Progressive Transportation, LLC pray that upon final hearing hereof that Plaintiff take nothing by way of his causes of action against Defendants, that costs of court be assessed against Plaintiff, and for such other and further relief to which Defendants may show themselves justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By:   _/s/ Lynn S. Castagna_
      Lynn S. Castagna
      State Bar No. 03980520
      Lynn@TexasDefense.com
      Gerry Lowry
      State Bar No. 12641350
      Gerry@TexasDefense.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

### ***VIA E-SERVICE***
John D. Sheppard
MORROW & SHEPPARD
5151 San Felipe St., Ste. 100
Houston, Texas 77056

and in accordance with the Texas Rules of Civil Procedure, on the 27th day of September, 2021.

 */s/ Gerry Lowry* _____
Gerry Lowry

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Diana Delk on behalf of Lynn Castagna
Bar No. 03980520
diana@texasdefense.com
Envelope ID: 57608831
Status as of 9/27/2021 9:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MICHELE HARDY | | MHARDY@MORROWSHEPPARD.COM | 9/27/2021 9:15:40 AM | SENT |

Associated Case Party: PROGRESSIVE TRANSPORTATION, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lynn Castagna | | lynn@texasdefense.com | 9/27/2021 9:15:40 AM | SENT |
| Gerry Lowry | | gerry@texasdefense.com | 9/27/2021 9:15:40 AM | SENT |

## Case # 21C1089-005 - FRUCTUOSO TORRES vs. JASON THOMAS C

## Envelope Information

**Envelope Id**
57608831

**Submitted Date**
9/27/2021 9:15 AM CST

**Submitted User Name**
diana@texasdefense.com

## Case Information

**Location**
Bowie County - 5th District Court

**Category**
Civil - Injury or Damage

**Case Type**
Motor Vehicle Accident

**Case Initiation Date**
9/1/2021

**Case #**
21C1089-005

**Assigned to Judge**
Miller, Bill

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Answer/Response

**Filing Description**
Defendants' Original Answer

**Client Reference Number**
3003.21035

**Filing Status**
Submitting

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| 2021-09-27 Defs' OA.pdf | 2021-09-27 Defs' OA.pdf | Does not contain sensitive data | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Not Sent | MICHELE HARDY | | No | Not Opened |
| Not Sent | Lynn Castagna | | No | |

Help

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Gerry Lowry | | No | Not Opened |

## Parties with No eService

| **Name** | **Address** |
|----------|-------------|
| FRUCTUOSO TORRES | 5151 SAN FELIPE SUITE 100 Houston Texas 77056 |
| JASON THOMAS OLIVER | 966 BRASWELL ROAD SMITHFIELD North Carolina 27577 |

## Fees

**Answer/Response**

| Description | Amount |
|-------------|--------|
| Filing Fee | $0.00 |
| Jury Fee | $40.00 |
| **Filing Total:** | **$40.00** |

| | |
|---|---|
| Total Filing Fee | $40.00 |
| Payment Service Fee | $1.16 |
| **Envelope Total:** | **$41.16** |

| | | | |
|---|---|---|---|
| **Transaction Amount** | $41.16 | | |
| **Transaction Id** | 84591203 | | |
| **Filing Attorney** | Lynn Castagna | **Order Id** | 057608831-0 |
| **Filer Type** | Not Applicable | **Transaction Response** | Authorized |

© 2021 Tyler Technologies
Version: 2020.0.4.9310